## Commonwealth *v.* Evans, Appellant.

478

Argued September 28, 1942.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY,
JJ.

*Robert P. Shick,* for appellant.

*Edward B. Duffy,* Assistant District Attorney, with
him *Frederick B. Smillie,* District Attorney, for ap-
pellee.

OPINION BY RHODES, J., November 11, 1942:

Defendant was indicted for violating sections 1 and
7 of the Act of May 13, 1925, P. L. 644, as amended
by sections 1 and 3 of the Act of June 20, 1935, P. L.
358, 10 PS §§141, 147. Upon trial the jury returned a
verdict of guilty. Sentence was suspended and de-

fendant was placed on probation for one year upon condition (1) that he pay the cost of prosecution within six months, and (2) that he solicit no funds for any purpose during the probation period. See *Com. ex rel. Paige v. Smith, Warden,* 130 Pa. Superior Ct. 536, 198 A. 812; *Com. v. Willstein,* 146 Pa. Superior Ct. 357, 22 A. 2d 613. Motions in arrest of judgment and for a new trial were dismissed. Defendant has appealed, and has presented a number of assignments of error. As to those which relate to alleged errors in the preliminary proceedings, it suffices to say that the questions were not raised prior to or even during the trial, and that the alleged irregularities were waived by going to trial on the merits in the court of quarter sessions. *Com. v. Schoen,* 25 Pa. Superior Ct. 211; *Com. v. Murawski,* 101 Pa. Superior Ct. 430; *Com. v. Lingle,* 120 Pa. Superior Ct. 434, 182 A. 802. Some of the other assignments of error are so defective in form and devoid of merit that we shall not consider them. The record does not contain any exception taken by defendant at any time during the trial. We think the only matter that might be subject to review on this appeal is whether defendant solicited moneys for charitable, religious, benevolent, humane, or patriotic purposes contrary to the provisions of the act of assembly, and as to this the record permits of but one answer. In defendant's brief it is stated: "The essential facts were all admitted." And they establish defendant's guilt and sustain his conviction. Defendant was a vacuum cleaner salesman, and a self-appointed and self-styled organizing secretary of a "Citizens Division Assembly." He combined selling cleaners with the solicitation of funds. The organization for which it was said that he was soliciting funds had no valid certificate of registration from the Department of Welfare, and consequently he had no written authorization from any association for which the contributions may have been made.

480

The objects of his proposed organization were stated to be:

"The Organization of Periodic, Free, Open to the Public, Assemblies of the Citizens in each of their respective Divisions for

"The Promotion of Efficient Governmental Policies, through the consideration, study and discussion of Civic and Governmental subjects, Issues and Policies by conducting Public Forums, and the use of the Pulpit, the Radio, and the Press to Stimulate and Keep Alive our interest in Good Government, to make More Effective our Sovereignty.

"To make Legislators, Governmental executives and Officials more Amenable at all Times to the needs and desires of their Constituents.

"To assist in acquainting the Citizens of the Community with the Principles, Purposes, Duties and Methods of American Citizenship, in order that the Spirit and Form of Democratic Government may be maintained in America, that this Government, of the People, for the People, and by the People, shall not Perish from the Earth."

Subscriptions were sought from numerous individuals in the sum of $2 each, and to those who subscribed the following receipt was given:

"Received of ............................ Two Dollars as a contribution to an endeavor to organize a Group of Loyal, Patriotic, Civic Minded Citizens in each Division for the conducting of Open Public Assemblies."

Defendant succeeded in collecting about $160 before his arrest, none of which was used for the purposes for which it was collected, but on the contrary converted to defendant's own use.

Defendant in his interview with prospective subscribers told them that his organization was for patriotic purposes, and it is not necessary to go beyond

defendant's own interpretation of the objectives of his proposed organization. Defendant also testified that his organization was non-partisan; that he was not trying to form a political party; and that he was not interested in backing any particular candidate for office.

Section 1 of the Act of 1925, as amended, 10 PS § 141, provides, inter alia, that: "It shall be unlawful for any person ...... except in accordance with the provisions of this act, to appeal to the public for donations or subscriptions in money or in other property ...... for any charitable, benevolent, or patriotic purpose, or for the purpose of ministering to the material or spiritual needs of human beings ...... or of inculcating patriotism, unless the appeal is authorized by and the money or other property is to be given to a corporation, copartnership, or association holding a valid certificate of registration from the Department of Welfare, issued as herein provided."

Section 7 of the Act of 1925, as amended, 10 PS § 147, reads as follows:

"No person shall solicit or collect any contributions in money or other property for any of the purposes set forth in this act without a written authorization from the corporation, copartnership, or association for which the contribution is made, and the authorization must be shown to any person on request. The authorization must be signed by an officer of the corporation or member of the copartnership or association for which the contribution is collected, and must set forth the percentage of collection, or other compensation for collection, to be paid to the persons so soliciting or collecting contributions."

The Act of 1925 has been held to be constitutional in *Com. v. McDermott*, 94 Pa. Superior Ct. 470, which was affirmed by the Supreme Court in 296 Pa. 299, 145 A. 858. In that case Judge KELLER, now President Judge, speaking for this court in discussing the Act, said (94

Pa. Superior Ct. 470, at page 474) : "It is designed to remedy a real mischief. The Legislature recognized that the general public had been victimized by persons appealing for funds for pseudo charitable, benevolent, humane and patriotic objects; by schemes cleverly contrived for the sale of goods and merchandise, ostensibly for the benefit of some such worthy object, but really for the private and selfish advantage of the solicitor and his associates, if any; that the charitable and benevolent instincts of its people were being preyed upon for selfish purposes by persons masquerading under charitable and benevolent cloaks, resulting in the defrauding of the public and injury to genuine charitable and benevolent institutions."

We have not the slightest doubt that defendant's activities came within the supervisory powers of the Department of Welfare, and that a valid certificate of registration from that department to a corporation, copartnership, or association was required before he could legally make solicitation of moneys for the purposes stated by him, and then not until he had received written authorization from such corporation, copartnership, or association.

All the assignments of error are overruled.

Judgment is affirmed.