Commonwealth *v.* Denson, Appellant.

Argued December 15, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT and RENO, JJ. (JAMES, J., absent).

*Thomas B. Hall,* for appellant.

*Theodore L. Reimel,* Assistant District Attorney, with him *John H. Maurer,* District Attorney, for appellee.

OPINION BY KELLER, P. J.:

On March 24, 1944 a true bill was returned by the grand jury to No. 490 March Sessions, 1944, of Philadelphia County, charging this appellant and two other women, (Lewis and Varden) inter alia, with giving a theatrical and vaudeville exhibition of a lascivious, obscene, indecent and immoral nature and character, tending to corrupt morals (Penal Code of 1939, sec. 528, p. 913). When called for trial on September 26, 1944, the three women defendants pleaded guilty. This appellant was represented by counsel. Sentence of thirty days imprisonment in the county prison was imposed the same day on appellant and on Varden, and of sixty days on Lewis, and they were committed to prison that day. On October 3, 1944 separate petitions for parole were presented on behalf of all of said women defendants.

The court, on October 6, after a hearing on the petitions, signed an order attached to appellant's petition in the following form: "It is ordered and decreed that Shirley Denson, sentenced to a term of 30 days in the Philadelphia County Prison as of Quarter Sessions Court, March Sessions, 1944, Nos. 490-491, be and she is hereby released, on parole, for the remainder of her sentence in accordance with the Act of Assembly in such case made and provided." A similar order was entered on the other petitions.

The appellant takes no exception to this order.

It appears, however, that the following order was later in the same day indorsed on the indictment:

"Oct. 6, 1944. Petition for Parole as to Lewis, Denson and Varden is granted conditioned that they are placed on probation for one year and that they pay a fine of $25.00 each and costs. By the Court, BLUETT, J."

Mrs. Denson appealed from the judgment of sentence

indorsed on the indictment, and complains (1) that the fine of $25 could not be imposed after the expiration of the term of court during which she was sentenced on September 26, 1944, to wit, October 1, 1944; and (2) that her parole could not be extended, nor could she be put on 'probation', beyond the term of her original sentence of thirty days from September 26, 1944, to wit, October 26, 1944.

Her appeal will have to be sustained.

(1) The sentence imposed on September 26, 1944 was within the limits fixed by section 528 of the Penal Code of 1939. Under that section the court could have sentenced her to pay a fine not exceeding $500, *or* undergo imprisonment for a period not exceeding one year, *or* both. In imposing sentence the court could, if it saw fit, sentence her to pay a fine *or* undergo imprisonment within the limits abovementioned. It was not bound to do both. It chose to sentence her to imprisonment without paying any fine. The September term of court expired October 1, 1944. The court could not alter the sentence or impose an additional sentence, to wit, a fine, after the term ended. *Com. v. Mayloy,* 57 Pa. 291; *Com. ex rel. Nuber v. Keeper of Workhouse,* 6 Pa. Superior Ct. 420, 424, 425. The direction to pay the costs contained in the order of October 6, 1944 was not a sentence to pay something additional to the penalty imposed by law. It was rather an incident of the judgment entered on September 26, 1944, not expressed but implied, for the law imposes the payment of the costs on every defendant who pleads guilty to or is found guilty of a criminal charge. *Com. ex rel. Nuber v. Keeper of Workhouse,* supra. p. 425. The Act of May 19, 1887, P. L. 138 providing for the payment by the county of the costs of prosecution in certain criminal cases does not relieve the convicted defendant of their ultimate payment, for they are recoverable by the county from him if he is able to pay them (section 2).

(2) Under our law the court had no authority to place the appellant on probation—using that term in its technical sense—after sentencing her to imprisonment in the county prison. All it could do thereafter was to parole her, and her parole would expire with the expiration of the term of her sentence—in this case, thirty days.

The only authority for placing on probation defendants who have pleaded guilty or been found guilty of crime or misdemeanor in this Commonwealth is the Act of June 19, 1911, P. L. 1055, as amended by Act of May 7, 1925, P. L. 554; and that act excludes certain gross felonies from its application and restricts its operation to cases where the defendant *has not been sentenced* by the court. Imposing a *fine* is such a sentence that after it is imposed the defendant cannot thereafter be put on probation. *Com. v. Ciccone*, 84 Pa. Superior Ct. 224.

By the amendment of 1925, supra, it was provided that as a part of the terms and conditions imposed on the defendant in connection with his probation, the court could include "the *payment of money* for the use of the county, not exceeding, however, the fine fixed by law for conviction of such offense"; but that "no such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the court from thereafter sentencing any defendant under the act under which he or she was convicted, upon violation of his or her parole."

Our probation statute differs from those of some other states and from the Federal Act of March 4, 1925, Ch. 521, §1, 43 Stat. 1259, U. S. Code, 1940 ed. Title 18, §724, in that in those acts the court has power to suspend the *imposition* of sentence or the *execution* of sentence and place the defendant on probation for such period and upon such terms and conditions as they may deem best; while in our statute the court has power only "to suspend the *imposing* of the sentence and place the defendant on probation for a definite period, on such

terms and conditions as it may deem right and proper, said terms and conditions to be duly entered of record as a part of the judgment of the court in such case."

The court below in this case, on September 26, 1944, could have suspended the *imposing of sentence* and put the defendant on probation for a year, and could have made it a part of the terms and conditions of her probation that she pay the sum of $25 for the use of the county; but the *imposing of sentence had to be suspended* before that could be done. After sentence of imprisonment was pronounced, the court could not place the defendant on probation. The only course then open to the court, if it felt that she could safely be released from custody, was to *parole* her for the balance of her term of imprisonment.

The subject of probation following suspension of imposing sentence is fully discussed in *Com. ex rel. Wilhelm v. Morgan,* 278 Pa. 395, 123 A. 337; *Com. v. Fox,* 69 Pa. Superior Ct. 456; *Com. v. Ciccone,* 84 Pa. Superior Ct. 224; and *Com. ex rel. Paige v. Smith,* 130 Pa. Superior Ct. 536, 540, 541, 198 A. 812. See also, *Com. v. Bienkowski,* 137 Pa. Superior Ct. 474, 477, 9 A. 2d 169; *Com. v. Willstein,* 146 Pa. Superior Ct. 357, 358, 22 A. 2d 613; *Com. v. Evans,* 150 Pa. Superior Ct. 477, 478-9, 28 A. 2d 731.

The sentence of October 6, 1944, indorsed on the indictment, is set aside insofar as it imposes a fine of $25 on the appellant and subjects her to probation or supervision by parole or probation officers beyond the term of her sentence, to wit, thirty days from September 26, 1944.

PER CURIAM, January 25, 1945:
The foregoing opinion had been prepared by President Judge KELLER before his death on January 16, 1945. It is now adopted and filed as the opinion of the Court.