Commonwealth *v.* Peterson, Appellant.

Argued October 9, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS and GUNTHER, JJ. (ARNOLD, J., absent).

*Albert Blumberg,* for appellant.

*Basil C. Clare,* Assistant District Attorney, with him *Raymond R. Start,* District Attorney, for appellee.

OPINION BY HIRT, J., January 20, 1953:

One may not be twice convicted of the same crime. So also, when convicted by plea or otherwise, a defendant may be sentenced but once. This has always been the law and the rule is invariable in its application

with one exception, viz: Where a sentence is imposed during the term at which a defendant is convicted the court may alter the sentence by increasing or reducing the punishment during the term, but not thereafter. Cf. *Com. ex rel. Michelotti v. Ashe, Warden,* 162 Pa. Superior Ct. 18, 56 A. 2d 313; *Moskowitz's Registration Case,* 329 Pa. 183, 196 A. 498. In *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244, the limitation on the sentencing power of the court is thus stated: "Once the power to sentence has been exercised, *in whole or in part,* or waived, expressly or by conduct, a court may not thereafter change or modify a sentence except within the term at which it was entered or waived or, where vacated within the term, the power to resentence subsequently has been reserved likewise within the term". (Emphasis added.)

On June 6, 1949, the defendant pleaded guilty to a charge of sodomy on Bill 258 and was sentenced forthwith to pay a fine of $50 and to undergo imprisonment in the county jail for a minimum term of 1 year and a maximum of 10 years. At the same time the judge, by separate order, added this limitation on the sentence imposed: "Upon payment of fine and costs and [the prosecutrix's doctor's bill and attorney fee amounting to a total of $284] defendant will be placed on 10 years probation". We are not directly concerned with other terms of the "probation"—prescribing psychiatric treatment, requiring suitable employment and forbidding further association with the prosecutrix. The defendant paid the fine and costs as well as the doctor bill and the attorney fee, whereupon the sentencing judge "placed the defendant upon probation". This action was intended by the judge as a suspension of the imposition of the prison sentence and not of its execution merely. On March 24, 1952, almost three years later, the defendant was convicted of indecent

assault in the lower court.[1]   Thereupon the judge who imposed the original sentence on Bill 258 again sentenced the defendant "for Breach of Probation . . . to undergo imprisonment in the County Jail . . . for a period of 10 years maximum and 5 years minimum . . . sentence to date from to-day".

It is elementary that an order placing a convicted defendant on probation is in lieu of sentence, giving such defendant the opportunity of demonstrating that he is worthy of the trust reposed in him that he will not again come in conflict with the criminal law.   That is the connotation of probation in its technical sense in this State.   The power of the court in placing one convicted of crime on probation, is wholly statutory and is governed by §25 of the Act of August 6, 1941, P. L. 861, 61 PS §331.25 which provides: "Whenever any person shall be found guilty of any criminal offense by verdict of a jury, plea, or otherwise, except murder in the first degree, in any court of this Commonwealth, the court shall have the power, in its discretion, if it believes the character of the person and the circumstances of the case to be such that he is not likely again to engage in a course of criminal conduct and that the public good does not demand or require the imposition of a sentence to imprisonment, *instead of imposing such sentence,* to place the person on probation for such definite period as the court shall direct, not exceeding the maximum period of imprisonment allowed by law for the offense for which such sentence might be imposed". (Emphasis added.) Thus, under the present statute as in its predecessor, the Act of June 19, 1911, P. L. 1055, as amended by the Act of May 7, 1925, P. L. 554, an order of probation can be

---

[1] He was sentenced on that charge by the trial judge to imprisonment in the county jail for a term of two years, the maximum under the law.

entered only upon suspending the imposition of sentence or instead of imposing such sentence.

In lieu of sentencing the defendant in the present case the court well might have placed him on probation for a definite period on condition that he pay the prosecutrix's doctor bill and her attorney fee, without affecting the validity of the order. The provision in the 1911 Act as amended, authorizing the court to impose such terms and conditions to the probation order was not repealed by the 1941 Act. Moreover the direction that the defendant pay the costs was not a sentence, for the law imposes the payment of costs on every defendant who pleads guilty or is found guilty of a criminal charge. In this instance however the defendant was sentenced to pay a fine, and "Imposing a *fine* is such a sentence that after it is imposed the defendant cannot thereafter be put on probation": *Commonwealth v. Denson,* 157 Pa. Superior Ct. 257, 40 A. 2d 895. A court may suspend sentencing a convicted defendant "in toto" but it does not have the power to impose two sentences for a single offense by imposing a fine and suspending a prison sentence imposed in the first instance and, at a later term, superadding a second sentence of imprisonment. Cf. *Commonwealth v. Ciccone,* 84 Pa. Superior Ct. 224. Reference may be had to the *Denson* case, supra, and the authorities cited therein, for full discussion of the various phases of probation, following suspension of sentence of a convicted defendant.

The sentencing judge did not see fit to comply with the clear terms of our probation legislation in the present case. The reasons making it mandatory for us to set aside the second sentence are more than mere technicalities. In the *Holly* case, Mr. Justice JONES said: "In the matter of sentencing a convicted defendant, a court may not toy with him by purporting to exercise

346

its power to sentence and then later attempting to change the sentence or add a new one. It is for just such restraint that the end of the term makes for the complete finality of the original sentence or judgment". And in the language of the *Moskowitz* case, supra, this comment was added: "If it were permissible to amend, or modify or revise sentences without this limitation the entire administration of criminal justice would be disrupted and manifest abuses would result".

The second sentence imposed on March 24, 1952, is a nullity.

Judgment of sentence reversed.