Commonwealth *v.* Ferguson, Appellant.

Submitted April 17, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Carl Blanchfield,* for appellant.

*Louis Abromson,* Assistant District Attorney, and *Edward C. Boyle,* District Attorney, for Commonwealth, appellee.

OPINION BY FLOOD, J., September 12, 1963:

On January 18, 1961, the appellant was placed on probation for three years upon condition that he reimburse the county for costs and make restitution of $50.95 to Robert J. Gaitens. In addition he was ordered not to drive a car except during working hours.

On December 20, 1962, while he was still on probation, he was involved in an automobile accident which resulted in the death of three persons. It was testified at the coroner's inquest that he was the driver of the car. The Commonwealth charged that he lost control of the car when driving at a high rate of speed in the early morning hours.

On January 16, 1963, Judge HESTER, who had placed the defendant on probation in 1961, was notified of this occurrence. At the same time his attention was called to the fact that the probation which he had imposed in 1961 could not legally extend beyond the two year maximum for the offence of assault and battery. He thereupon amended the record to provide for a period for probation of two years.

A violation hearing was held on January 31, 1963, and the probation authorities placed before the court records showing that the defendant had been arrested for violation of the Motor Vehicle Code four times between March 2 and July 21, 1961 and that his driver's license had been suspended on February 21, Septem-

ber 21, October 24 and December 31, 1961, and his operating privileges had not been restored since October 24, 1961. He had been admittedly operating his car without a license since that date and he never advised the probation office of these facts. The court noted that there were further violations in "the obvious fact that Ferguson was operating his vehicle other than going to and returning home from his place of employment. . . . that on Dec. 20, 1962, Ferguson was in the company of Robert Reese, a parolee; had been admittedly frequenting bars and taverns; indulging in intoxicants and keeping late hours."

At the conclusion of the hearing, Judge HESTER found that the defendant had breached the terms and conditions of his probation within two years from January 18, 1961, revoked the probation and sentenced the defendant to a term of six months in the Allegheny County jail. The sentence was thus imposed thirteen days after the court received notice of the violation and forty-two days after the fatal automobile accident had brought the situation to the attention of the probation office to which the defendant had failed to make the reports which his probation required.

1. The modification of the probation order from three years to two years, the maximum to which defendant could have been sentenced, was a proper correction of an illegal order. Even a prison sentence beyond the legal limit may be amended after the term of court within which it was imposed to reduce it to a proper sentence. *Commonwealth v. Mackley*, 380 Pa. 70, 74, 110 A. 2d 172, 174 (1955). A fortiori, when sentence is not imposed but suspended, an order of probation for a period in excess of the maximum may be corrected after the end of the term of court during which it was imposed.[1]

---

[1] Or after the expiration of the period of thirty days provided in the Act of June 1, 1959, P. L. 342, 12 PS §1032.

The defendant states in his brief that the amendment was not made by the court on January 16, 1963. However, the court below says in its opinion that it was, and there is nothing in the record to contradict that statement. The appellant's counsel also says in his brief that the appellant was not present at the time of the modification of the sentence. Again there is nothing in the record to confirm this, and defendant made no attempt to bring it upon the record. Except in a capital case it need not affirmatively appear in the record that the defendant was present when the order was amended, and it will be presumed that everything was rightly done. *Commonwealth ex rel. Lockhart v. Myers,* 193 Pa. Superior Ct. 531, 165 A. 2d 400 (1960).

2. Placing the defendant on probation "upon conditions" which included reimbursement of costs to the county and restitution of $50.95 to the private prosecutor is not a sentence so as to make the prison sentence imposed upon revocation of probation a second sentence for the same crime. An order for restitution and payment of costs is a proper condition of probation, and does not convert the order into a sentence. In *Commonwealth v. Peterson,* 172 Pa. Superior Ct. 341, 94 A. 2d 582 (1953), this court held a probation order void because the sentencing judge had not suspended sentence or imposed the probation order in lieu of sentence, but had sentenced the defendant to pay a fine when he placed him on probation. The Act of August 6, 1941, P. L. 861, §25, 61 PS §331.25, provides that an order of probation may be made "instead of imposing . . . sentence", and the court held that the imposition of a prison sentence upon revocation of the probation, after a fine had already been imposed, was a second sentence for the same crime and therefore illegal. However, the court went on to say, at page 345, 94 A. 2d 582, 583: "In lieu of sentencing the defendant in the

present case the court well might have placed him on probation for a definite period on condition that he pay the prosecutrix's doctor bill and her attorney fee, without affecting the validity of the order. The provision in the 1911 Act,[2] as amended, authorizing the court to impose such terms and conditions to the probation order was not repealed by the 1941 Act. Moreover the direction that the defendant pay the costs was not a sentence, for the law imposes the payment of costs on every defendant who pleads guilty or is found guilty of a criminal charge. In this instance however the defendant was sentenced to pay a fine, and 'Imposing a *fine* is such a sentence that after it is imposed the defendant cannot thereafter be put on probation' . . ."

The sentencing judge here did just what we said he might do in *Commonwealth v. Peterson,* supra. He did not impose either a fine or a prison sentence at the time of the order of probation. The condition as to restitution follows the suggestion made by Judge HIRT in the above quotation from his opinion. Although the word "fine" appears in the order, no fine was actually imposed. The defendant was not sentenced when he was placed on probation. The court, therefore, had the right to sentence him when the probation was revoked.

The defendant points out that the court had no power to order restitution on a conviction of simple assault and battery. *Commonwealth v. Rouchie,* 135 Pa. Superior Ct. 594, 7 A. 2d 102 (1939). But this does not convert the void restitution order into a fine, as he argues, nor does the defendant's payment of the restitution ordered by the court constitute compliance with a sentence. There was no sentence until the probation order was revoked.

---

[2] Act of June 19, 1911, P. L. 1055, 19 PS §1051 et seq.

The defendant also urges that costs were imposed and paid at the time of the probation order and again imposed at the time of revocation and imprisonment. While such a duplication would, of course, be improper, no such second imposition of costs appears in the record before us.

3. In *Commonwealth v. Duff*, 201 Pa. Superior Ct. 387, 192 A. 2d 258 (1963), we held that for a violation occurring during the probationary period, the probation might be revoked and a prison sentence imposed after the expiration of the period, provided the court acted with reasonable promptness. The situation is the same here, except that the revocation of probation and the imposition of the prison sentence occurred after the expiration of the maximum sentence to which the defendant could be sentenced. Whether this can be done was not before the court and was left undecided in the case of *Commonwealth ex rel. Wilhelm v. Morgan*, 278 Pa. 395, 123 A. 337 (1924).

Now that we are faced with this question after more than fifty years' experience with probation, its resolution does not appear difficult. We set forth in *Commonwealth v. Duff*, supra, the reasons which give the court the right to revoke probation after the expiration of the probationary period for a violation occurring near the end of the period, or for a violation which, because of the defendant's omission to report or other fault, does not come to the court's attention until near the end of the period or after its expiration. The same reasons hold when the probationary period is coextensive with the period of maximum legal sentence and the court, even though acting promptly, cannot make the necessary investigation and determination and revoke the probation within the probationary period which is also the legal maximum. It may do so thereafter if it acts with reasonable promptness.

The merits of the system of probation in the correctional process are so obvious and so well known that its increasing use should be encouraged by all reasonable means. If the probationer who successfully conceals his violations until after the expiration of his probationary period, which coincides with the legal maximum, can avoid all penalty for his violations, the use of probation will be discouraged. The same is true if he can avoid punishment for a violation committed on the last day or near the last day of the period. Nothing in the statutes or in any of the decisions of our appellate courts compel us to hold that he is immune from punishment for a violation under such circumstances. We held that he is not, and that the probation may be revoked and a prison sentence imposed under such circumstances provided the court acts with reasonable promptness, as it did here.

Judgment affirmed.

WRIGHT, J., concurs in the result.