Opinion by
Wright, P. J.,
Richard James was indicted in the Court of Quarter Sessions of Montgomery County at June Sessions 1964 on Bill No. 498 charging burglary at the Gimbel Cheltenham store, also on Bill No. 498-1 charging burglary at the Helen Caro store, and on Bills Nos. 498-2 and 3 charging conspiracy in connection with the respective burglaries. James entered pleas of guilty and, on November 27, 1964, the following disposition was made: On Bill No. 498 jail sentence was suspended and *6 James was released on probation for a period of two years; on Bills Nos. 498-1, 2 and 3, sentence was suspended. On December 9, 1966, after a hearing, at which James was represented by counsel, a finding was made that James had been convicted of burglary on two occasions during his term of probation. The court below thereupon revoked the probation on Bill No. 498 and imposed a sentence of not less than three nor more than eighteen months in the Montgomery County Prison. A similar sentence was imposed on Bill No. 498-1 to run consecutively with that imposed on Bill No. 498. Following the filing of a petition under the Post Conviction Hearing Act, the court below ultimately, September 22, 1967, confirmed revocation of the sentence imposed December 9, 1966 on Bill No. 498-1, but refused to release James from the sentence imposed on Bill No. 498. This appeal followed.
The sole contention advanced by appellant is that, as to Bill No. 498, the court below did not have authority to revoke probation and impose a prison sentence after the expiration of the term of probation originally imposed. The court below took the position that it did possess such authority under the decision of this court in Commonwealth v. Ferguson, 201 Pa. Superior Ct. 649, 193 A. 2d 657. In the Ferguson case the probation period, as amended, was coextensive with the period of maximum sentence. The precise issue was whether probation could be revoked and prison sentence imposed for a violation occurring during the probationary period although the period of maximum sentence had expired. In holding that this was proper, the late Judge Flood made the following statement here pertinent:
“Now that we are faced with this question after more than fifty years’ experience with probation, its resolution does not appear difficult. We set forth in Commonwealth v. Duff, supra, [201 Pa. Superior Ct. *7 387, 192 A. 2d 258] the reasons which give the court the right to revoke probation after the expiration of the probationary period for a violation occurring near the end of the period, or for a violation which, because of the defendant’s omission to report or other fault, does not come to the court’s attention until near the end of the period or after its expiration. The same reasons hold when the probationary period is coextensive with the period of maximum legal sentence and the court, even though acting promptly, cannot make the necessary investigation and determination and revoke the probation within the probationary period which is also the legal maximum. It may do so thereafter if it acts with reasonable promptness”.
Counsel for appellant argues that the rationale of the Ferguson case was impliedly rejected by the Supreme Court in the Duff case, contending essentially that resentence after the period of probation has expired is invalid. We have carefully examined again the opinion of Mr. Justice Eagen in the Duff case [414 Pa. 471, 200 A. 2d 773], as well as his opinion in Commonwealth v. Vivian, 426 Pa. 192, 231 A. 2d 301, also cited by counsel for appellant, and find no support therein for appellant’s position. The present issue was not considered in either case. We expressly reaffirm our holding in the Ferguson case, and agree with Judge Ditter of the court below that it controls the question presented by the instant appeal.