452 A.2d 524

**Kevin CASSIDY, in his own behalf and in behalf of others similarly situated, Appellant,**

**v.**

**MONTGOMERY COUNTY, William T. Nicholas, District Attorney of Montgomery County, John J. Newett, Clerk of Courts of Montgomery County.**

Superior Court of Pennsylvania.

Argued June 10, 1980.

Filed Nov. 5, 1982.

Petition for Allowance of Appeal Denied Feb. 17, 1983.

224

Martin J. Cunningham, Jr., Norristown, for appellant.
Logan M. Bullitt, IV, Norristown, for appellees.

Before PRICE, WICKERSHAM and LIPEZ, JJ.

PRICE, Judge:

On April 5, 1977, appellant, Kevin Cassidy, was placed in the Accelerated Rehabilitative Disposition ("A.R.D.") program in Montgomery County. After a hearing, and pursuant to Pa.R.Crim.P. 175 *et seq.*, the court ordered that further proceedings be deferred, conditioned upon a two year period of probation, payment of the costs of prosecu-

tion, and payment of $300.00 "in restitution to the County for the cost of superintending the conditions." (R. 16a). Appellant and his attorney agreed to these conditions at the hearing. On April 2, 1979, Mr. Cassidy petitioned the court to dismiss all criminal charges against him, contending that he had successfully performed all of the conditions of the A.R.D. order, and on April 4, 1979, the court ordered that the charges be dismissed.

Three weeks later, appellant filed this class action in equity, contending that the imposition and collection of the $300.00 amount by Montgomery County and the other appellees was in violation of Pa.R.Crim.P. 182(a), which prohibits the conditioning of an A.R.D. order upon payment of a fine. He seeks recovery for himself and all others who have paid such sums to Montgomery County as conditions of A.R.D., together with interest from the date of payment. He also seeks injunctive relief against the district attorney, as well as attorney's fees and costs.

Appellees filed preliminary objections in the nature of a motion to strike and a demurrer, contending, inter alia, that the $300.00 collected was not a fine in violation of Rule 182(a), but rather a payment to the use of the county, and as such a permissible condition of A.R.D. Appellees' preliminary objections were sustained by a court en banc, and the complaint dismissed for failure to state a cause of action.[1]

Appellant maintains that a cost to the use of the county is not a permissible condition of A.R.D. under Rule 182(a), and also argues that in characterizing the $300.00 payment as a cost to the use of the county, rather than a fine, the court below improperly resolved a question of fact against him to

---

1. Appellees also raised issues as to Mr. Cassidy's representation of the class as defined in his complaint, as well as asserting that appellant was guilty of laches and that he had an adequate remedy at law. The court below did not consider these questions. The decision was based solely on the ground that the $300.00 payment was not a fine, and that, therefore, appellant's complaint did not state a cause of action.

grant a demurrer. We disagree with both contentions and affirm.

Pa.R.Crim.P. 182(a) provides:

The conditions of the program may be such as may be imposed with respect to probation after conviction of a crime, including restitution and costs, and may include other conditions agreed to by the parties, except that a fine may not be imposed.

At the time this rule was adopted (Rule 182 became effective May 24, 1972), a body of case law existed to the effect that a fine could not be imposed as a condition of probation. *Commonwealth v. Martin,* 262 Pa.Superior Ct. 113, 119–120 n. 7, 396 A.2d 671, 674 n. 7 (1978); *Commonwealth v. Rooney,* 233 Pa.Superior Ct. 225, 335 A.2d 710 (1975); *Commonwealth v. Peterson,* 172 Pa.Superior Ct. 341, 94 A.2d 582 (1953). The rationale for this principle was that since a fine was deemed a sentence, the imposition of a prison term upon revocation of probation, would constitute an illegal imposition of two sentences for the same offense. *Commonwealth v. Ferguson,* 201 Pa.Superior Ct. 649, 193 A.2d 657 (1963); *Commonwealth v. Peterson,* 172 Pa.Superior Ct. at 345, 94 A.2d at 582.

Thus, the Act of June 19, 1911, P.L. 1055, as amended, 19 P.S. § 1051 (1964), in effect at the time of the adoption of Rule 182, which provided for terms and conditions of probation, including expressly "the payment of money for the use of the county," specified that such a condition not be considered as the imposition of a fine or sentence. The cases under this statute upheld costs to the use of the county as conditions of probation, finding that such payments did not constitute fines and were not, therefore illegal. *Commonwealth v. Martin,* 262 Pa.Superior Ct. at 119–120 n. 7, 396 A.2d at 674 n. 7); *Commonwealth v. Rooney,* 233 Pa.Superior Ct. at 228–29, 335 A.2d at 712; *Commonwealth ex rel. Kosele v. Keenan,* 178 Pa.Superior Ct. 461, 116 A.2d 314 (1955).

■ Appellant argues that it is significant that the successor provision to 19 P.S. § 1051, 18 Pa.C.S. § 1354, in

effect at the time Mr. Cassidy was placed on A.R.D.,[2] does not specifically list the payment of money to the use of the county as a permissible condition of an order of probation.[3] This argument overlooks 18 Pa.C.S. § 1354(c)(13), which states that as a condition to its order of probation the court may require a defendant "to satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." This provision indicates that it is not necessary that a condition be specifically enumerated in the statute to be a valid condition of probation, but rather that the court has considerable discretion to fashion conditions appropriate to a particular case. *Commonwealth v. Walton*, 483 Pa. 588, 598, 397 A.2d 1179, 1184–85 (1979). Further, the language of Rule 182(a) affords even greater latitude for the design of an individualized A.R.D. program. An A.R.D. order may contain not only such conditions "as may be imposed with respect to probation after conviction of a crime," but also "may include other conditions agreed to by the parties." The only exception is the imposition of a fine.

Appellant argues that the exclusion of fines in Rule 182 reflects a determination by the Supreme Court that any payment other than restitution or the costs of prosecution could not serve a rehabilitative purpose in the context of A.R.D. We cannot agree. At the time the rule was adopted fines were not permissible in connection with probation because of the double sentence problem, not because of any lack of rehabilitative function. Further, at that time, costs to the use of the county were permissible conditions for probation. Had the Supreme Court intended to exclude such costs as conditions of A.R.D., the rule could easily have been drafted to do so specifically. The case law clearly

**2.** *Commonwealth v. Walton*, 483 Pa. 588, 600 n. 16, 397 A.2d 1179, 1185 n. 16 (1979). This successor provision became effective on March 30, 1975.

**3.** Under 18 Pa.C.S. § 1354(c)(11), it is specified that a fine may be imposed as a condition of probation.

indicates that a payment to the use of the county is not a fine, and is therefore not prohibited by Rule 182(a).

■ Appellant's contention that the lower court improperly resolved a question of fact against him in characterizing the $300.00 sum as a cost to the use of the county, rather than as a fine, is also without merit. The record clearly shows that the A.R.D. order required the payment of $300.00 "in restitution to the county for the cost of superintending the conditions." (R. 16a).[4] While it is true that all well pleaded facts and reasonable inferences therefrom must be resolved against granting a demurrer, *Hoffman v. Misericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970), a demurrer does not admit conclusions of law. *Eden Roc Country Club v. Mullhauser*, 416 Pa. 61, 204 A.2d 465 (1964); *Hoffman, supra.* Appellant's characterization of the $300.00 payment to the county for the cost of superintending the program as a "fine" presents no question for determination of fact. The question of whether such a payment constitutes a fine is ultimately one of law, as the cases dealing with such payments in the context of probation clearly illustrate. The court below properly concluded as a matter of law that such a payment does not constitute a fine in violation of Pa.R.Crim.P. 182(a).[5]

4. We see no merit in appellant's contention that the handwritten words "fine and costs forthwith" appearing above Judge Moss's signature on the A.R.D. order (R. 16a), raise a question as to whether the $300.00 amount was actually a payment to the county for the cost of superintending the conditions of the program. Such an abbreviated notation refers only to the proper time for the payments required by, and specifically listed in an order.

5. Appellant's belated assertion that the $300.00 sum might not reflect the actual cost of superintending the program is misplaced. Mr. Cassidy and his attorney, Martin J. Cunningham, Jr., who also represents him in this matter, agreed to the $300.00 figure in negotiations with the district attorney and at the hearing at which the A.R.D. order was granted. Appellant obtained dismissal of criminal charges upon completion of his program without ever questioning whether the amount was appropriate. We fail to see why, three weeks after obtaining the benefits of his agreement, he should have been permitted to argue that the figure was arbitrary and therefore ought to be deemed a "fine". Rather, appellant has waived any objections to the *amount* of his payment to the county, having

Accordingly, the order sustaining appellees' preliminary objections and dismissing appellant's complaint is affirmed.

accepted the full benefits of the A.R.D. agreement. *See Commonwealth v. Walton,* 483 Pa. 588, 600, 397 A.2d 1179, (1979) (defendant's failure to object to the amount of restitution ordered as arbitrary at his sentencing hearing held a waiver of this issue, where the court had legal authority to enter a restitution order). *See also, Commonwealth v. Preston,* 488 Pa. 311, 319 n. 3, 412 A.2d 524, 528 n. 3 (1980); *Commonwealth v. Shoemaker,* 462 Pa. 342, 343, 341 A.2d 111 (1975).