**In re Lebanon County Distribution of Fees or Financial Conditions Imposed in ARD/DUI Cases**

*Paul R. Ober*, for plaintiffs.
*Robert Sullivan Jr.,* for defendant.

EBY, *J.*, December 28, 1987 — An action brought on March 19, 1987 by plaintiffs, the City of Lebanon and the Borough of Palmyra against the County of Lebanon seeking declaratory judgment regarding the disposition of funds collected by the county from individuals accepted into the Accelerated Rehabilitative Disposition Program, who were required, during the period of their probation, to contribute toward the administrative costs of that program. The parties have jointly presented a stipulation of facts and have each presented a brief in support of its position. We have also enjoyed the benefit of oral argument from counsel for both parties, and the matter is now ripe for our determination.

Accepting the stipulation verbatim as presented to the court by the parties, we make the following

## FINDINGS OF FACT

(1) On January 14, 1983, 42 Pa.C.S. §3573 was amended as set forth in paragraph 8 of plaintiffs' complaint.

(2) At all sentencing courts conducted by the Court of Common Pleas of the County of Lebanon since January 14, 1983, where defendants have been charged with the offense of driving under the influence, those defendants admitted to the ARD program have been ordered to pay an additional financial condition of $50 per month toward the administrative costs of the program.

(3) The aforesaid $50 per month payment toward the administrative costs of the program has been imposed upon various criminal driving under the influence defendants for periods of up to 12 months as established by the orders entered in the various cases in the clerk of courts docket for the Court of Common Pleas of Lebanon County, Pa.; both par-

ties shall be bound by the calculation of the clerk of courts as to monies collected.

(4) The County of Lebanon since January 14, 1983, has claimed entitlement to all of the aforesaid $50 monthly payments as being an administrative cost payable to the county and assessable pursuant to rule 182 of the Pennsylvania Rules of Criminal Procedure.

(5) Plaintiffs herein claim that the aforesaid $50 per month payment should be distributed by the clerk of courts of Lebanon County as set forth in 42 Pa.C.S. §3573(b)(3).

(5) (sic) Concurrent with the action pending herein the City of Lebanon and other similarly situated municipalities have filed a Class Action Complaint against the County of Lebanon and Edward I. (Ned) Wolfe at docket no. 00546 — 1986 in the Court of Common Pleas of Lebanon County wherein said class action plaintiffs' are seeking payment from the County of Lebanon for various fines, costs and fees paid to the County of Lebanon by the clerk of courts of Lebanon County which said payments are alleged to be improperly made.

(6) The parties to this action agree that any and all allegations made in the aforesaid class action complaint regarding the proper payment of ARD/DUI funds collected by the clerk of courts of Lebanon County for cases arising after January 14, 1983, shall be disposed of by any ruling entered in this case regarding the proper allocation of said funds.

## ISSUE

Distribution of funds collected as administrative costs pursuant to the placement of an individual on Accelerated Rehabilitative Disposition for a charge

of driving under the influence of alcohol or controlled substance (75 Pa.C.S. §3731).

## DISCUSSION

Plaintiffs have petitioned this court to decide whether, when charges are brought for driving under influence of alcohol or controlled substance (75 Pa.C.S. §3731) as a result of local police action, the municipal corporation under which the local police are organized is entitled to 50 percent of the monies paid toward the administrative costs of the program imposed by a judge as a condition of Accelerated Rehabilitative Disposition or any other preliminary disposition of any charge under said section. For the reasons which follow, we determine that the Municipal Corporation under which those local police are organized and through whose action the charges under 75 Pa.C.S. §3731 are initiated, is not entitled to share in the monies paid toward the administrative costs of the program.

At the outset, we adopt as our guidepost the general statements regarding statute interpretation[1] which plaintiffs have related in their brief. When words of a statute are clear and free from all ambiguity, the letter of the law is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S. §1921(b). Further, statutes must be given their plain and obvious meaning. *Wilderness Industries of Maryland v. Commonwealth State Board of Motor Vehicle Manufacturers, Dealers, and Salesmen*, 58 Pa. Commw. 127, 427 A.2d 1235(1981). Our object in interpreting and construing a statute is to ascertain and effectuate the intent of the general assembly. Each statute should be so construed, if pos-

---

1. The guideposts are applicable as well when interpreting Rules of Criminal Procedure. See Pa.R.Crim.P. 2.

sible, to give effect to all of its provisions. 1 Pa.C.S. §1921(a). We must assume that the legislature intended that every word of a statute should have effect and is not mere surplusage. *Crusco v. Insurance Company of North America,* 292 Pa. Super 293, 437 A.2d 52 (1981); *Patton v. Republic Steel Corporation,* 342 Pa. Super 101, 492 A.2d 411 (1985).

We begin our analysis with a reference to the general provisions of the Judicial Code dealing with division and distribution of monies collected as a result of a criminal prosecution. 42 Pa.C.S. §3573 (as amended effective January 14, 1983) provides in pertinent part:

"Section 3573. Municipal corporation portion of fines, etc.—

"(a) *General rule*—Except as otherwise provided by this subchapter, all fines forfeited, recognizances and other forfeitures imposed, lost or forfeited for violation of any ordinance of any municipal corporation, or which under any other statute are to be paid to any specified municipal corporation, shall be payable to such municipal corporation.

"(b) *Vehicle offenses —*

. . .

"(3) When prosecution under 75 Pa.C.S. §3731 (relating to driving under the influence of alcohol or controlled substance) is the result of local police action, 50 percent of all fines forfeited, recognizances and other forfeitures imposed, lost or forfeited shall be payable to the municipal corporation under which the local police are organized and 50 percent shall be payable to the county which shall be further divided as follows:

"(i) Fifty percent of the moneys received shall be allocated to the appropriate county authority which implements the county drug and alcohol program to

be used solely for the purpose of aiding programs promoting alcoholism prevention, education, treatment and research.

"(ii) Fifty percent of the moneys received shall be used for expenditures incurred for county jails, prisons, workhouses and detention centers."

Initially, we must reject plaintiffs' argument that 42 Pa.C.S. §3573, even standing alone, is clear and unambiguous as to the distribution of funds at issue. True, monies collected pursuant to prosecutions under 75 Pa.C.S. §3731 et seq. (driving under the influence) are subject to the 42 Pa.C.S. §3573 distribution scheme. However, the quoted section specifically applies to those instances concerning a *prosecution* for driving under the influence. Conversely, ARD, rather than equivalent to a prosecution, is an alternative to prosecution.[2] See *Commonwealth, Department of Transportation v. McDevitt,* 57 Pa.Commw. 589, 427 A.2d 280 (1981) aff'd 500 Pa. 532, 458 A.2d 939 (1983). Admission into the ARD program places the criminal proceeding in abeyance, subject to being reactivated only under certain conditions. *Commonwealth v. Krall,* 290 Pa. Super 1, 434 A.2d 99 (1981).

By its plain language, 42 Pa.C.S. §3573 governs the distribution of "[a]ll fines forfeited, recognizances and other forfeitures imposed, lost or forfeited . . ." for violations of municipal ordinances or specified offenses under the Vehicle Code. The general rule contained within this section deals with funds collected for *violations*. Admission into the ARD program does not establish a violation and

---

2. It bears observation that Pa.R.Crim.P. 178 requires that a defendant prior to entry into the ARD program, be advised that should he/she fail to complete the program satisfactorily *then* "[h]e may be prosecuted as provided by law."

is not equivalent to conviction since charges are deferred until completion of the program and may be subsequently dismissed. *Commonwealth v. Knepp,* 307 Pa. Super 535, 453 A.2d 1016 (1982).

A reference to the definition of the various terms contained within 42 Pa.C.S. §3573 further enforces our conclusion. Since those terms are not defined by the act, we have referred to Black's Law Dictionary (1957) for illumination. Therein the statutory terms are defined as follows:

"*Fine* — To impose pecuniary punishment or mulct (a penalty or punishment imposed on a person guilty of some offense)."

"*Recognizance* — An obligation of record, entered into before some court of record with condition to do some particular act; it is an acknowledgement of a former debt upon the record."

"*Forfeiture* — Something to which the right is lost by the commission of a crime or fault or the losing of something by way of penalty."

Obviously, the collection of a charge to cover the administrative costs of the program is not a "rose by any other name" but rather a "horse of a different color."

In determining whether or not the funds at issue are subject to distribution, we must next examine both the applicable rules of criminal procedure and 75 Pa.C.S. §3731(e)(8), as well as the legislative intent of that statute.

Administrative costs of the ARD program are levied under the authority contained in Pa.R.Crim.P. 182 (42 Pa.C.S.) which provides:

"*Conditions of the Program*—

"(a) The conditions of the program may be such as may be imposed with respect to probation after conviction of a crime, including restitution, *except that a fine may not be imposed.* In addition, the con-

ditions of the program may include the imposition of costs, *and the imposition of a reasonable charge relating to the expense of administering the program*, and such other conditions as may be agreed to by the parties.

"(b) The period of such program for any defendant shall not exceed two years." Approved May 24, 1972, effective immediately; amended January 28, 1983, effective February 1, 1983. (emphasis supplied)

This rule was most recently amended in 1983, and at that time the drafters provided as explanatory comment to the rule the following:[3]

*"Comment:* The 1983 amendment clarifies that reasonable charges for the expense of administering the program may be imposed on defendants. It is intended that these charges may be imposed on those admitted into the program and that no separate fees be required for application for admission into the program.

"The practice has been to permit qualified individuals who are indigent to participate in the ARD program without payment of costs or charges. The 1983 amendment is not intended to change this practice; rather it is intended that such practice will continue."

At oral argument, counsel for plaintiffs contended that the administrative costs imposed are "fines"

---

3. Prior to its amendment, the rule in effect between May 24, 1972 and February 1, 1983 provided:

"Rule 182. *Conditions of the Program*—

"(a) The conditions of the program may be such as may be imposed with respect to probation after conviction of a crime, including restitution and costs, and may include other conditions agreed to by the parties, *except that a fine may not be imposed.*

"(b) The period of such program for any defendant shall not exceed two years." (emphasis supplied)

and therefore should be treated as such for distribution to the municipalities. Not only is this argument directly contradicted by the above-quoted rule of criminal procedure, but it also defies such categorization when compared with the commonly accepted definition of a "fine" referred to earlier.

Our conclusion that such a payment is not a "fine" also finds support in the appellate case law pronounced by the Pennsylvania Superior Court. In *Cassidy v. Montgomery County,* 306 Pa. Super. 222, 452 A.2d 524 (1982) the court hopefully laid to rest any further dispute as to the nature of such a payment when it noted:

"Appellant's characterization of the $300 payment to the county for the cost of superintending the [ARD] program as a 'fine' presents no question for determination of fact. The question of whether such payment constitutes a fine is ultimately one of law, as the cases dealing with such payments in the context of probation clearly illustrate. The court below properly concluded as a matter of law that such a payment does not constitute a fine in violation of Pa.R.Crim.P. 182(a)." *Id.* at 228, 452 A.2d at 527.

Although plaintiffs' brief in support of their complaint for declaratory judgment does not urge this court to find that plaintiffs are entitled to the divided distribution set forth in 42 Pa.C.S. §3573 in light of the language of section 3731(e)(8) of the Motor Vehicle Code,[4] in our effort to address and resolve this issue as completely and thoroughly as possible, we have also considered our conclusion in light of the interplay between these two acts of the legislature.

Prior to July 9, 1986 in driving under the influence of alcohol or controlled substance cases, sec-

---

4. 75 Pa.C.S. §3731(e)(8)

tion 3731(e) of the Vehicle Code provided in pertinent part:

"(6) Any person who accepts Accelerated Rehabilitative Disposition of any charge brought under this section shall accept as conditions the imposition of and the judge shall impose in addition to any other conditions all of the following:

"(i) A fee to cover the costs referred to in section 1548(e) (relating to costs).

"(ii) A mandatory suspension of operating privilege for a period of not less than one month but not more than 12 months.

"(iii) A condition that the defendant, as a condition to entering the program, make restitution to any person who incurred determinable financial loss as a result of the defendant's actions which resulted in a charge of violating this section.

"(iv) Court supervision for any defendant required to make restitution or submit to counseling or treatment.

"(v) Court supervision for a period of not less than six months when the Court Reporting Network indicates that counseling or treatment is not necessary and not less than 12 months when the Court Reporting Network indicates that counseling or treatment is in order.

"(7) Accelerated Rehabilitative Disposition or other preliminary disposition of any charge of violating this section may be revoked and the court shall direct the attorney for the commonwealth to proceed on the charges as prescribed in general rules if the defendant:

"(i) is charged with or commits any crime enumerated in Title 18 (relating to crimes and offenses) or in section 1542 within the probationary period;

"(ii) fails to make restitution as provided for in this section;

"(iii) fails to successfully complete the alcohol highway safety school required by section 1548(b);

"(iv) fails to successfully complete any program of counseling or treatment, or both, required as a condition of Accelerated Rehabilitative Disposition; or

"(v) violates the terms and conditions of Accelerated Rehabilitative Disposition in any other way.

"(8) With the exception of program costs referred to in section 1548(e) or any restitution referred to in this section, any fee or financial condition imposed by a judge as a condition of Accelerated Rehabilitative Disposition or any other preliminary disposition of any charge under this section shall be distributed as provided for in 42 Pa.C.S. §§3571 (relating to commonwealth portion of fines, etc.) and 3573 (relating to municipal corporation portion of fines, etc.). 75 Pa.C.S. §3731 inter alia. As amended December 15, 1982, P.L. 1268, §9, effective in 30 days."

The language of section 3731(e)(8) of the Motor Vehicle Code specifically excludes program costs referred to in section 1548(e) of the Motor Vehicle Code and any restitution referred to in the earlier portions of the same section from the distribution scheme set forth in 42 Pa.C.S. §3573 (when the charge is made as a result of local police action) which was discussed earlier. The reference to the exclusion contained in section 1548(e) is inapplicable to our discussion here. That subsection allows a charge to be made to an individual placed in the ARD program for payment of the expenses incurred in obtaining an evaluation, conducting the Alcohol Safe Driving School, and any alcohol or drug therapy as mandated by the earlier portions of section 1548. The administrative costs levied upon DUI defendants admitted into the ARD program in Leba-

non County are not specifically referred to in section 1548(e).

However, the language of subsection (e)(8) of 75 Pa.C.S. §3731 also excludes from its directive any restitution referred to in that section. Earlier, in section 3731(e)(6)(v) the legislature provided the court with the specific authority to impose court supervision of varying duration in accordance with the report of the Court Reporting Network. The administrative costs at issue here are those costs imposed upon a defendant accepted in the ARD program which reimburse the county for such section 3731(e)(6)(v) supervision.

The Lebanon County circumstances are closely analogous to those which confronted the court in *Cassidy v. Montgomery County, supra.* Therein the ARD order under consideration required a payment by defendant "in restitution to the county for the costs of superintending the conditions." 306 Pa. at 225, 452 A.2d at 527. The Superior Court in *Cassidy* ruled that such a condition was proper under Pa.R.Crim.P. 182(a) and that it did not constitute a fine. Although the orders of the Court of Common Pleas of Lebanon County do not specifically identify the administrative costs charged as reimbursement or restitution, they are identical to those monies at issue in *Cassidy, supra,* and are likewise authorized as a permissible condition of ARD under Pa.R.Crim.P. 182.

Lastly, our analysis and interpretation of the various laws of this commonwealth discussed above find support in the subsequent action of the legislature by the enactment of Act 51 of 1986. That statute amended 75 Pa.C.S. §3731 in July 1986. Subsection (6)(vi) was added to the provisions of

section 3731 previously quoted and provides as follows:

"(6) Any person who accepts Accelerated Rehabilitative Disposition of any charge brought under this section shall accept as conditions the imposition of and the judge shall impose in addition to any other conditions all of the following:

"(vi) A fee to cover the reasonable costs, if any, of a municipal corporation in connection under this section which results in Accelerated Rehabilitative Disposition." 75 Pa.C.S. §3731; as amended Act of May 9, 1986, P.L. 158, §1.

If the legislature had intended to include the administrative costs such as those imposed by the County of Lebanon in the distribution scheme set forth in 42 Pa.C.S. §3573, the enactment of Act 51 of 1986 would have been unnecessary. Further, if we were to interpret section 3573 as suggested by plaintiffs, entitlements to distribution of the monies paid toward the administrative costs of the program would now constitute a windfall to the municipalities after the reasonable costs are recouped under Act 51.

Our interpretation presumes the legislature did not intend a windfall to be bestowed upon either the county or the municipal corporation under which the local police are organized. Act 51 of 1986 also amended 3731(e)(8) to assure that those monies collected pursuant to 75 Pa.C.S. §3731(e)(6)(vi) would not be subject to divided distribution. Rather, the fees imposed pursuant to paragraph, (6)(vi) must be distributed to the affected municipality in toto. The passage of Act 51 of 1986 assures this court that the legislature recognized that prior to its enactment the Vehicle Code failed to earmark the monies at issue for distribution to municipalities.

The legislature rectified this inequity by enacting Act 51 of 1986 which, for the first time, provided to the Municipal Corporation the authority to recover their reasonable costs when a DUI charge resulted in Accelerated Rehabilitation Disposition.

## CONCLUSION OF LAW

When an action is initiated under 75 Pa.C.S. §3731 (driving under influence of alcohol or controlled substance) as a result of local police action, the municipal corporation under which the local police are organized is not entitled to participate in any distribution of the monies paid by defendant which represents a reasonable charge relating to the expense of administrating the Accelerated Rehabilitative Disposition Program.

## ORDER OF COURT

And now, December 28, 1987, for the reasons contained within the accompanying adjudication the court finds declaratory judgment in favor of the County of Lebanon. Specifically, it is determined that charges brought under 75 Pa.C.S. §3731 (driving under influence of alcohol or controlled substance) and initiated as a result of local police action, do not entitle the municipal corporation under which the local police are organized to share in the distribution of any monies paid as a result of orders of this court and which represent a reasonable charge relating to the expense of administering the Accelerated Rehabilitative Disposition Program pursuant to Pa.R.Crim.P. 182.