421 A.2d 1067

**In re Anna Elizabeth ENGLE, also known as Anna Elizabeth Engel, an alleged incompetent.**

**Appeal of COUNTY OF ALLEGHENY.**

Supreme Court of Pennsylvania.

Argued Sept. 30, 1980.
Decided Nov. 3, 1980.
Reargument Denied Dec. 18, 1980.

James H. McLean, County Sol., James A. Esler, Asst. County Sol., Pittsburgh, for appellant.

Frank E. Coho, Pittsburgh, for Thomas J. Purcell.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

PER CURIAM:

The Court being equally divided, the decree is affirmed. Each party pay own costs.

ROBERTS, J., files an opinion in support of reversal in which NIX and KAUFFMAN, JJ., join.

## OPINION IN SUPPORT OF REVERSAL

ROBERTS, Justice.

I would reverse the decree which requires the County of Allegheny rather than the estate of Anna Engel to pay counsel fees incurred not only in the defense of Engel against County–instituted equitable proceedings but also in guardianship proceedings initiated on her behalf.

On March 29, 1977, the County filed a complaint in equity in the Court of Common Pleas of Allegheny County seeking to compel Engel to vacate what the County determined to be an uninhabitable and unsafe residence. The court of common pleas granted the County's request for a preliminary injunction and fixed a hearing date of April 4. At the scheduled hearing, however, Engel refused to retain an attorney. Acting on the belief that Engel was incompetent, the court appointed Thomas Purcell, Esq., to defend Engel in connection with the County's equitable proceedings.

After Purcell was appointed, he not only appeared on Engel's behalf to defend against the County's efforts to remove her but also later instituted proceedings in the Orphans' Court Division to declare Engel incompetent and appoint a guardian of her estate. The orphans' court granted the requested relief, naming the Keystone Bank as guardian. Purcell then submitted a bill of over $4400 to the County for all his services, including institution of the incompetency proceedings. The County refused payment, advising Purcell to obtain compensation from Engel's estate. Purcell nonetheless petitioned the orphans' court to direct the County to make the requested payment. Despite its continuing supervision of Engel's estate and Engel's guardian, the orphans' court approved Purcell's petition and directed the County, rather than the estate, to pay Purcell the full sum of $4400. At the end of its opinion, however, the court acknowledged the validity of the County's position and suggested that the County should institute a separate proceeding against the estate.

As the orphans' court ultimately recognized, the trial court's appointment of counsel should not be charged to the County. No challenge is made to the reasonableness of Purcell's fees. Neither in our Rules authorizing appointments of guardians ad litem, see Pa.R.Civ.Pro. 2051 et seq., nor anywhere else is there authority for imposing such costs upon the County where an estate is fully able to pay for services rendered. Indeed, recently in *Damario Estate*, 488 Pa. 434, 412 A.2d 842 (1980), we have held in a similar

setting that a county may obtain reimbursement for defense services from the estate of a defendant adjudged not guilty by reason of insanity. Purcell was performing services throughout only for the benefit of Engel. Because he rendered his services to Engel, her estate should pay for them. Purcell's claim, therefore, lies in no respect against the County but only against Engel's estate.

There is no basis for requiring these fees to be paid from County funds instead of estate assets. In a proceeding in the orphans' court involving a claim for attorney fees for services rendered to an incompetent's estate, the court may either allow all or part of the claim or deny it. But the court is without authority to direct that the fees be paid by a third party, here the County of Allegheny. The orphans' court's authority extends only to the supervision of the incompetent's estate. See 20 Pa.C.S. § 711 (10).

NIX and KAUFFMAN, JJ., join in this opinion in support of reversal.