Commonwealth ex rel. Kosele, Appellant, *v.* Keenan.

Submitted April 12, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Raymond Kosele,* appellant, in propria persona.

*J. Leonard Solomon,* First Assistant District Attorney, for appellee.

OPINION BY RHODES, P. J., July 21, 1955:

Relator filed two petitions for writs of habeas corpus in the Court of Common Pleas of Beaver County. Both petitions were refused and the relator has appealed to this Court at No. 108, April Term, 1955. The orders of the court below will be affirmed.

Relator was indicted in the Court of Oyer and Terminer of Beaver County at No. 2, March Term, 1952, on a bill containing three counts—burglary, larceny, and receiving stolen goods. On December 21, 1951, petitioner entered pleas of guilty. Sentence was suspended and relator was placed on probation for five years under certain conditions which provided, inter alia, that defendant pay one-half the costs of prosecution and $150 for the use of the County of Beaver, and that, if the conditions of probation were violated, the proposed sentence would be not less than two and one-half years nor more than five years in the Western

State Penitentiary. On January 4, 1952, relator paid the $150 for the use of the County of Beaver. On December 31, 1953, the court revoked its order of probation, relator having committed other felonies, and sentenced relator to serve not less than two and one-half years nor more than five years in the Allegheny County Workhouse.

In March, 1953, relator had committed a felony outside the Commonwealth, but was not extradited for breach of the conditions of relator's probation. Thereafter, at Nos. 5, 6, 18, 19, 20, 21, 22, 23, 24, and 26, June Term, 1953, in the Court of Oyer and Terminer of Beaver County, relator was indicted on charges of burglary, larceny, and receiving stolen goods. He was tried and found guilty on bills at Nos. 5 and 6, June Term, 1953, on June 11, 1953. On the other indictments he entered pleas of guilty on June 23, 1953. Relator was represented by counsel at No. 2, March Term, 1952, and at the trial on bills Nos. 5 and 6, June Term, 1953.

Relator now complains that he is detained illegally in the Allegheny County Workhouse under concurrent sentences at Nos. 20 and 23, June Term, 1953, and at Nos. 5 and 6, June Term, 1953, and sentence at No. 2, March Term, 1952. Relator's first contention is that the order of probation constituted a final sentence upon the payment of costs and the $150 for the use of the County of Beaver. There is no merit to this. *Com. v. Denson,* 157 Pa. Superior Ct. 257, 260, 40 A. 2d 895; *Com. ex rel. Champion v. Claudy,* 171 Pa. Superior Ct. 143, 90 A. 2d 638; *Com. v. Moore,* 172 Pa. Superior Ct. 27, 92 A. 2d 238; Act of June 19, 1911, P. L. 1055, §1, as amended, 19 PS §1051; Act of August 6, 1941, P. L. 861, §25, 61 PS §331.25. Relator does not question the sentences imposed at Nos. 5 and 6, June Term, 1953, after trial and conviction, but

avers the sentences imposed on December 31, 1953, after pleas of guilty, at Nos. 20 and 23, June Term, 1953, were illegal, because (1) the Commonwealth failed to establish that a crime was committed; and (2) that the deferment of sentence until December 31, 1953, caused the power of the court to lapse on the last day of the September Sessions, 1953. Since relator pleaded guilty there was no trial, and corroborative evidence was not required. *Com. ex rel. Bruce v. Tees,* 177 Pa. Superior Ct. 63, 110 A. 2d 838; *Com. ex rel. Hovis v. Ashe,* 165 Pa. Superior Ct. 30, 35, 67 A. 2d 770, affirmed 364 Pa. 81, 70 A. 2d 630. The court did not lose its power to sentence defendant after the expiration of the term at which the conviction was had. *Com. ex rel. Holly v. Ashe,* 368 Pa. 211, 82 A. 2d 244. Moreover, the same contentions were before the Court of Common Pleas of Beaver County on a petition for writ of habeas corpus at No. 230, September Term, 1954. The order of the said court dismissing relator's petition was filed on August 18, 1954, from which no appeal was taken. See *Com. ex rel. Allen v. Claudy,* 170 Pa. Superior Ct. 499, 502, 503, 87 A. 2d 74; *Com. ex rel. Campbell v. Claudy,* 171 Pa. Superior Ct. 282, 89 A. 2d 895; *Com. ex rel. Gaito v. Claudy,* 172 Pa. Superior Ct. 236, 93 A. 2d 870.

The orders of the court below dismissing relator's petitions are affirmed.