368 A.2d 279

COMMONWEALTH of Pennsylvania,
Appellee,

v.

Arnold TERRY, Appellant.

Supreme Court of Pennsylvania.

Argued April 2, 1976.

Decided Jan. 28, 1977.

Defender Association of Phila., Benjamin Lerner, Defender, John W. Packel, Asst. Defender, Chief, Appeals Div., Philadelphia, for appellant.

John McNally, Jr., 1st Deputy City Sol., Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION OF THE COURT

EAGEN, Justice.

█ Arnold Terry was arrested at his residence in Philadelphia and charged with possession of a controlled substance (marijuana) with intent to deliver, contrary to the provisions of the Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, No. 64, § 13, as amended, 35 P.S. § 780–113 (Supp.1976–77). Contemporaneously the police seized $775.00 in currency found in the residence. Shortly after the arrest, Terry was taken before a municipal court judge for preliminary arraignment. Bail was fixed at $2500.00 and the Defender Association was appointed to represent the accused.

Subsequently, after a hearing in the Municipal Court during which Terry had the assistance of the public defender, he was found not guilty of all charges. However, the trial court then entered an order directing that Terry pay to the city of Philadelphia the sum of $300.00 for the services rendered by the public defender. On petition, we assumed extraordinary jurisdiction to consider the power of the trial court to enter such an order.

█ The trial court cited no authority for its action. The district attorney maintains the authority is given in § 3 of the Act of January 19, 1968, P.L. (1967) 984, 19 P.S. § 793 (Supp.1976–77), which provides for the reimbursement by a criminal defendant or a relative of the defendant to the county "for compensation and expense incurred and paid to court-appointed counsel." But the Act by its own terms does not apply where, as here, a local non-profit organization represents the defendant. See § 2 of the Act of 1968, 19 P.S. § 792 (Supp.1976–77). Furthermore, authorization to enter such an order is giv-

en only upon petition of the county that paid the compensation.  See § 3 of the Act of 1968, 19 P.S. § 793 (Supp. 1976–77).

Order vacated.