380 A.2d 1267

**COMMONWEALTH of Pennsylvania**

v.

**Marshall PRIDE, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided Dec. 2, 1977.

36

John A. Papola, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that the Commonwealth did not present sufficient evidence to convict him of indecent assault[1] and rape[2] and that the lower court lacked the statutory authority to order payment of $500.00 to the Clerk of the Quarter Sessions Court for the use of the Voluntary Defender Association of Philadelphia. We find sufficient evidence to convict appellant of the charges. However, because we agree with appellant's second contention, we vacate the lower court's order requiring appellant to reimburse the Voluntary Defender Association.

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S. § 3126.

2. The Crimes Code, supra; 18 Pa.C.S. § 3121.

On January 5, 1975, appellant and the seventeen year old victim spent the afternoon with some other people at a friend's house. After leaving the friend's house to take one of the people home, appellant took the victim and her three month old baby to a house on the fifteen hundred block of North 8th Street in Philadelphia to meet some people. The victim and her baby remained in the car while appellant went into the house. When appellant returned five minutes later, he asked the victim to come upstairs with him to meet some friends who were playing cards. The victim and her baby then entered a third floor apartment with appellant. As the victim proceeded with her baby to the front room where appellant's friends were supposed to be playing cards, appellant pushed her into a bedroom and onto a bed. Appellant ordered the victim to remove her clothes and when she refused, he held a pillow over her face. When she continued to refuse, appellant threatened to smother her baby. At this point, the victim removed her clothes and appellant had sexual intercourse with her. Although the victim yelled once, when appellant ordered her to stop, she complied. After having intercourse, appellant apologized and drove the victim and her baby to a fast-food restaurant where they remained in the car while appellant went inside for some food. Appellant returned shortly and drove the victim and her baby home. The victim then related the incident to her sister-in-law who called the police.

Appellant was charged with indecent assault and rape. The public defender represented appellant at his preliminary hearing, arraignment, and trial.[3] After a trial on July 18, 1975, appellant was convicted of rape. At the lower court's request, appellant presented information at a hearing on October 8, 1975, concerning his age, marital status, dependents, employment, education, and property to enable the lower court to evaluate appellant's financial status. At a subsequent hearing on October, 1975, the court considered the extent of the public defender services appellant had

3. Pa.R.Crim.P.; 19 P.S. Appendix 318 (1977) provides procedures for court appointment of counsel for indigent defendants.

received, and sentenced appellant to one year's probation and to pay $500.00 to the use of the public defender.[4] This appeal followed.

Appellant's first contention is that there was insufficient evidence to support the rape conviction. In reviewing the record to determine whether the evidence supports the verdict, our courts view the evidence and all reasonable inferences derived therefrom in the light most favorable to the Commonwealth as verdict winner. *Commonwealth v. Fortune*, 456 Pa. 365, 318 A.2d 327 (1974). Further, the testimony of one witness, the victim, is sufficient to sustain a rape conviction. *Johnson Appeal*, 445 Pa. 270, 284 A.2d 780 (1971); *Commonwealth v. Crider*, 240 Pa.Super. 403, 361 A.2d 352 (1976). In the instant case, the victim testified that appellant placed a pillow over her face when she refused to remove her clothes and threatened to harm her and her baby if she resisted. She also stated that she only screamed once because appellant ordered her to stop and she feared his threats. We agree with the lower court that the victim's testimony demonstrated sufficient lack of consent to sustain the verdict.

Appellant's second contention is that the lower court lacked statutory authority to require him to reimburse the public defender for its services. We believe that our Supreme Court has clearly determined that there is no statutory authority to support the lower court's order. *Commonwealth v. Terry*, 470 Pa. 234, 368 A.2d 279 (1977). In *Terry*, the Commonwealth charged appellant with possession of a controlled dangerous substance with intent to deliver and the court appointed a public defender to represent him. After acquittal of all charges, the trial court ordered the defendant to repay the city of Philadelphia $300.00 for the public defender's services. Our Supreme Court held that the

4. On October 15, 1975, the lower court sentenced appellant as follows: "One year reporting probation. Sentence suspended and, Defendant to pay ($500.00) Five Hundred Dollars to use of County for Attorneys Fees for services of the Voluntary Defender Association."

Act of January 19, 1968,[5] which provides for reimbursement by a defendant to the county for compensation paid to court-appointed counsel, "by its own terms does not apply where, as here, a local non-profit organization represents the defendant. Furthermore, authorization to enter such an order is given only upon petition of the county that paid the compensation." *Commonwealth v. Terry*, supra, 470 Pa. at 236, 368 A.2d at 280.[6]

■■ The lower court reasons that the trial court's reimbursement order was valid because it constituted a fine. However, calling the reimbursement order a fine does not provide statutory authority for the order. Although directing payment to Philadelphia County, the order is specifically designated "for attorneys fees for services of the Voluntary Defender Association." As our Court has stated, "attorneys fees are not 'costs' absent a statutory provision giving them that character." *Commonwealth v. Opara*, 240 Pa.Super. 511 at 517, n. 13, 362 A.2d 305 at 308, n. 13 (1975). Additionally, such orders may only be entered in response to a petition of the county that paid for the attorney's services. *Commonwealth v. Terry*, supra, 470 Pa. at 236, 368 A.2d at 280.

■ The Dissent attempts to distinguish *Terry* from the instant case on the basis of this appellant's conviction. Thus, the Dissent reasons that the trial court's reimbursement order constitutes a condition of probation or a fine.[7]

5. Act of January 19, 1968, P.L. (1967) 984, § 3; 19 P.S. § 793 (Supp.1977–78).

6. Moreover, the Public Defender Act, establishing public defender offices to represent the indigent accused, is specifically inapplicable to the City of Philadelphia. Public Defender Act, December 2, 1968, P.L. 1144, No. 358, §§ 1–13, § 3; 16 P.S. §§ 9960.1–9960.13, § 9960.3 (Supp.1977–78).

7. The Dissent discusses *Commonwealth v. Opara*, supra, which outlined procedures and standards for determining whether a defendant can financially afford the cost of reimbursing court appointed counsel. However, as our Court recognized in *Opara*, absent a statute authorizing reimbursement for counsel services, such orders are invalid. *Opara*, supra, at 517, 362 A.2d at 308.

The Dissent then supports the repayment order by interpreting the Act of August 6, 1941 [8] and § 1354(c)(13) of the Sentencing Code [9] to permit conditioning probation on payment by a defendant of the cost of his representation by the public defender. However, the trial court's sentencing order did not condition probation on repayment of $500.00. [10] Our Court is bound by the terms of the sentence officially appearing on the record. *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971). Accordingly, we may not now redefine the reimbursement order as a condition of probation.

Characterizing the repayment order as a probation condition or fine is an attempt to transform a statutorily unauthorized repayment into a permissible order. Our Court, however, has rejected thinly veiled efforts to evade statutory procedures for restitution. *Commonwealth v. Martin*, 233 Pa.Super. 231, 335 A.2d 424 (1975).

There is no statutory authority to support the lower court's order of reimbursement to the public defender. *Commonwealth v. Terry*, supra. Accordingly, we vacate the lower court order of repayment of $500.00 to the use of the county for services rendered by the Voluntary Defender Association.

VAN der VOORT, J., files a dissenting opinion in which WATKINS, President Judge, joins.

VAN der VOORT, Judge, dissenting:

I disagree with the Majority's decision to vacate that part of appellant's sentence which requires appellant to pay

8. Act of August 6, 1941, P.L. 861, § 25; 61 P.S. § 331.25.

9. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1, added December 30, 1974, P.L. 1052, No. 345, § 1; 18 Pa.C.S. § 1354(c)(13) (Supp.1977–78) provides that a court may order a defendant "to satisfy any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty . . . ."

10. See note 4, supra.

$500.00 to the county for services rendered by the Public Defender.

In *Commonwealth v. Martin*, 233 Pa.Super. 231, 335 A.2d 424 (1975), a common pleas court judge in Bucks County, after finding indigency, granted a defendant's application for assignment of counsel. The defendant was tried and found guilty and was ordered by the trial judge (a judge other than the one who had granted the application for assignment of counsel), to pay a fine of $5,000, an amount which the judge stated would represent "the minimal fee that [the defendant would] have paid to private counsel for the able representation that he received . . . ." The trial court made no fresh inquiry into the defendant's financial condition, and had before it only such information as had been available to the judge who had made the finding of indigency—information which indicated that the defendant had only a 1964 automobile worth approximately $200, plus $358 in cash and savings, and was unemployed and initially unable to even make bail. In addition to (in effect) overruling another lower court judge's finding of indigency without making a fresh inquiry into the defendant's financial condition, the trial judge sentenced the defendant to a term of imprisonment, thereby, our court noted, further curtailing the defendant's ability to pay a $5,000 fine. We vacated that portion of the judgment of sentence which required the defendant to pay a fine.

A year after the *Martin* decision, our court confronted a similar problem in *Commonwealth v. Opara*, 240 Pa.Super. 511, 362 A.2d 305 (1976). In *Opara*, a Philadelphia trial judge had sentenced a defendant to pay $750 without 60 days to the City of Philadelphia for use of the Philadelphia Defender Association, or spend 30 days in jail for contempt. Our court vacated the sentence. In *Opara*, as in *Martin*, no support could be found in the record for a finding of ability to pay; furthermore, in *Opara* the lower court *denied* the defendant the opportunity to be heard and to present evidence on the question of his indigency.

42

In the case before us, the lower court held a hearing (on October 8, 1975) to determine appellant's financial status. Appellant testified that he was unmarried, with no dependents, living with his mother, paying $25–$30 per week rent, that he owned a fully paid 1969 Dodge Coronet, and that he was earning (net) $80 to $100 per week. The lower court judge, after hearing this testimony, indicated that he intended to order appellant at the time of sentencing to pay for the services of his public defender. On October 15, 1975, the same judge placed appellant on one year of reporting probation and ordered him to pay $500 within 31 days "to the Clerk of Quarter Session Court for the use of the Public Defender's Office." Although appellant's attorney then informed the court that he personally believed that appellant had in fact *not* been working, and though appellant made some remarks indicating that his job had been only a prospective one, the lower court evidently believed that appellant had been telling the truth on October 7 when he testified that he was working. The record in the case before us (unlike the record in the *Martin* and *Opara* cases) supports a finding of the appellant's ability to pay for the services rendered him by the Public Defender.

The question remains whether the lower court had the authority to order appellant to reimburse the county for the services of the public defender's office. The Acts of 1909 [1] and 1911 [2] authorize our courts to order persons convicted of certain crimes (not including rape, the crime involved in the case before us) to pay money for use of the county as a condition of probation; the Act of 1941 [3] authorizes probation for every offense except first degree murder but makes no specific reference to imposing terms and conditions. In *Commonwealth v. Peterson*, 172 Pa.Super. 341, 94 A.2d 582 (1953), our court reconciled the Act of 1941 and the Act of

1. Act of May 10, 1909, P.L. 495, § 1, 19 P.S. § 1081 (1964).

2. Act of June 19, 1911, P.L. 1055, § 1, as amended May 7, 1925, P.L. 554, No. 297, § 1, 19 P.S. § 1051 (1964).

3. Act of August 6, 1941, P.L. 861, § 25, 61 P.S. § 331.25 (1964).

1911, finding that the 1941 Act had not repealed the 1911 Act's provisions authorizing the imposition of terms and conditions on probation orders. Although the defendant had been sentenced under the Act of 1941, our court indicated that the lower court could properly have placed the defendant on probation and imposed conditions (payment of the prosecutrix's doctor bill and attorney fee) on the order of probation. In at least two other cases, *Commonwealth v. Preininger,* 230 Pa.Super. 39, 326 A.2d 612 (1974) and *Commonwealth ex rel. Kosele v. Keenan,* 178 Pa.Super. 461, 116 A.2d 314 (1955), our court upheld probation orders (under the 1941 Act) which had conditions attached, although the specific issue of the legality of the conditions (restitution in *Preininger,* payment of $150 for use of the county in *Kosele* ) was not raised in either case. The practice was for the courts to attach conditions to probation orders under the 1941 Act. With the new Sentencing Code, 18 Pa.C.S. §§ 1301–1382, the legislature, without repealing the older sentencing statutes, added a section which specifically authorized the imposition of conditions on probation orders. § 1354(c)(13) provides that the courts may attach "any other conditions reasonably related to the rehabilitation of the defendant and not unduly restrictive of his liberty or incompatible with his freedom of conscience." I interpret the Act of 1941 and § 1354(c)(13) of the Sentencing Code as permitting the imposition of probation conditioned on payment by a defendant of the cost of his representation by the public defender. The amount payable may not exceed the amount of any fine that the defendant could be obligated to pay, and such an order must be predicated on the defendant's ability to pay; furthermore, a defendant can always petition the lower court if his financial condition changes and he becomes unable to comply with the order. See *Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974) and *Opara,* 240 Pa.Super. at 516, 362 A.2d 305.

In the case before us, the lower court held a hearing prior to sentencing to inquire into appellant's financial resources.

Relying on information received at that time, the court placed appellant on probation and ordered him to pay the county $500, an amount which the court felt was "very modest" for the representation provided appellant by the public defender at arraignment, preliminary hearing, trial and post-trial motions. Full inquiry was made into appellant's financial condition, and the court obviously concluded that appellant would be able to pay the money without undue hardship. No allegation has been made by appellant that this amount exceeds the value of the services he received, or that he would be unable to pay the $500; the only argument is that the lower court was without authority to issue such an order. I would find that the lower court's order that appellant reimburse the county for part of the cost of his defense was a reasonable condition of his probation, permissible under the Act of 1941 and § 1354(c)(13) of the Sentencing Code.[4] The Majority vacates a part of the sentence, i. e., the sentence to pay $500 for the services of the Voluntary Defender Association. The court below may desire to impose a fine, since we are vacating its order to pay the said $500. In implementing the Majority's decision I believe that the sentence should be vacated and the case remanded to the court below for resentencing.

WATKINS, President Judge, joins this dissenting opinion.

4. In *Commonwealth v. Terry*, 470 Pa. 234, 368 A.2d 279 (1977), our Supreme Court vacated a lower court order requiring an accused who had been found innocent to reimburse the City of Philadelphia for services provided the accused by the public defender's office. The Supreme Court noted that the lower court had cited no authority for its actions, and that the authority proposed by the district attorney, § 3 of the Act of January 19, 1968, P.L. (1967) 984, 19 P.S. § 793, was by its own terms inapplicable. *Terry*, of course, involved a situation totally different from the one in the case before us; the appellant in *Terry* had not been found guilty and therefore could not have been placed on probation. The statutes (the Act of 1941 and § 1354 of the Sentencing Code) upon which I would rely in affirming the lower court's sentence in the case before us would not have been applicable in the *Terry* case.