412 A.2d 842

**In re ESTATE of Edward J. DAMARIO, III, an incompetent.**

**Appeal of AMERICAN BANK AND TRUST CO. OF PA., Guardian.**

Supreme Court of Pennsylvania.

Submitted Dec. 13, 1979.

Decided March 20, 1980.

Robert T. Miller, Reading, for appellant.

C. Wilson Austin, County Sol., Alan S. Reading, Asst. County Sol., for appellee, County of Berks.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY, and KAUFFMAN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Appellant American Bank and Trust Company of Pennsylvania is the guardian of the estate of incompetent Edward J.

Damario, III. Appellant challenges the decree of the Orphans' Court Division of the Court of Common Pleas of Berks County directing the estate to reimburse the County of Berks for funds expended by the county for the defense of Damario in a murder prosecution. We hold that the decree of reimbursement on this record is proper and therefore affirm.

Edward J. Damario, III, was charged with the murder of his parents Assunta and Edward J. Damario. On Damario's affidavit attesting to indigency, the county appointed counsel for Damario. Damario was then tried in the Criminal Division of the Court of Common Pleas of Berks County. On June 13, 1975, a jury returned a verdict of not guilty by reason of insanity.

Following trial, Damario was adjudicated incompetent in the orphans' court division and appellant was appointed guardian of his estate. Because Damario was adjudged not guilty by reason of insanity, his estate was not precluded under the Slayer's Act from inheriting from his parents' estates.[1] Shortly thereafter, the sum of $8,359.74 was distributed to the appellant-guardian by the administrator of the estate of Damario's mother.[2]

On November 3, 1976, a petition was filed by Berks County, requesting that a citation be issued to appellant-guardian for reimbursement of $3,471.99, representing funds expended by the county for the defense of Damario. Appellant filed preliminary objections to the petition, alleging lack of statutory or decisional authority for such an order. The orphans' court division directed reimbursement, finding that the services provided and paid for by the county "were rendered from a proper motive and under circumstances indicative of good faith." The court also found that the

1. Damario's right to inherit was subject to the limitations imposed by the Slayer's Act of June 30, 1972, P.L. 508, 20 P.S. §§ 8801, et seq. "[A]ny person who participates . . . in the wilful and unlawful killing of any other person" cannot "in any way acquire any property or receive any benefit as the result of the death of the decedent."

2. Damario inherited from the estate of his mother, who was determined to have survived his father.

expenses for his defense were "properly chargeable to the estate of the [incompetent] in a reasonable amount," and that the amount charged "is a reasonable compensation for the services supplied." Exceptions were dismissed on December 2, 1977 and this appeal followed.

There is no question that Damario was constitutionally entitled to court-appointed counsel. See, *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Commonwealth v. Ritchey*, 431 Pa. 269, 245 A.2d 446 (1968); Pa.R.Crim.P. 316. Counsel was properly furnished to the accused at county expense. This expenditure of public funds was for the individual benefit of Damario.

■ The factual circumstances here present us with an issue of first impression. The precise question to be decided is whether the orphans' court, in its equitable discretion, properly directed reimbursement from Damario's estate out of the inherited funds which became available to his estate after the murder trial. It must be remembered that in reviewing the orphans' court decision, "our task is to assure that the record is free from legal error and to determine if the chancellor's findings are supported by competent and adequate evidence, and are not predicated upon capricious disbelief of competent and credible evidence." *McCrea Estate*, 475 Pa. 383, 386–87, 380 A.2d 773, 775 (1977); *Cohen Will*, 445 Pa. 549, 550, 284 A.2d 754, 755 (1971); *Holtz Will*, 422 Pa. 540, 544, 222 A.2d 885, 888 (1966).

■ The orphans' court has "all legal and equitable powers required for or incidental to the exercise of its jurisdiction," Act of July 9, 1976, P.L. 586, § 2, 42 Pa.C.S.A. 323. We are satisfied that this broad grant of judicial authority vests in the orphans' court the power to order reimbursement in appropriate circumstances.[3]

3. While there are cases which have invalidated orders for reimbursement for lack of express statutory authority, *Commonwealth v. Terry*, 470 Pa. 234, 368 A.2d 279 (1977), *Commonwealth v. Opara*, 240 Pa.Super. 511, 362 A.2d 305 (1976), these orders were entered by sentencing courts and are therefore inapposite here. The case before

Requiring reimbursement where, as here, the accused is so soon after the jury's verdict, not indigent, is not unreasonable or unfair. Indeed the fairness and propriety of directing repayment of the funds the county expended on Damario's behalf is most convincingly stated by the Supreme Court of the United States:

"We live in a society where the distribution of legal assistance, like the distribution of all goods and services, is generally regulated by the dynamics of private enterprise. A defendant in a criminal case who is just above the line separating the indigent from the nonindigent must borrow money, sell off his meager assets, or call upon his family or friends in order to hire a lawyer. We cannot say that the Constitution requires that those only slightly poorer must remain forever immune from any obligation to shoulder the expenses of their legal defense, even when they are able to pay without hardship."

*Fuller v. Oregon*, 417 U.S. 40, 54, 94 S.Ct. 2116, 2124–25, 40 L.Ed.2d 642 (1974). Mandating repayment of the public funds expended for the personal benefit of Damario, from assets available for his use, embodies the basic elements of fairness in the allocation of individual and governmental obligations and resources. Denying reimbursement in the circumstances of this case would serve no individual or societal interest of justice. Similarly, a New Jersey court recently held in a "quasi-criminal proceeding" that a "public entity bearing the costs of the defense may make a timely application for reimbursement of such costs," and a court

us involves a separate civil action instituted by the county, brought before the orphans' court having broad jurisdiction over Damario's estate.

We are also not persuaded by appellant's contention that the Act of March 31, 1860, P.L. 427, as amended, 19 P.S. § 1351, (now replaced by Act of July 9, 1976, P.L. 586, § 2, 42 Pa.C.S.A. §§ 1722(a), 1726), prohibits reimbursement here. The statute provided that the costs of prosecution must be paid by the county where a defendant is found not guilty by reason of insanity. Here, however, the costs of prosecution were not part of the reimbursement order. Rather, reimbursement was sought by and granted to the county for the expenses of Damario's defense.

has "inherent power to order reimbursement," *M. v. S.*, 169 N.J.Super. 209, 404 A.2d 653, 657 (1979).[4]

Directing reimbursement for the expenditure of public funds is not unknown in Pennsylvania jurisprudence. As long ago as *Waits Estate*, 336 Pa. 151, 7 A.2d 329 (1939), this Court stated that the common law implies a duty on the part of a recipient of public assistance to make reimbursement if able to do so. See also *Reiver's Estate*, 343 Pa. 137, 22 A.2d 655 (1941) (implied duty to reimburse public assistance payments when financially able to do so).

Here, the orphans' court's equitable discretion was soundly exercised. The court did not speculate that Damario's estate might receive funds in the future. Instead, the court's determination was based on existing assets of the estate, including assets inherited from the estate of Damario's mother immediately following the jury's verdict. The court properly exercised its discretion in granting the county's petition for reimbursement, where the petition was filed within a reasonable period after the services were supplied. So too the court's reimbursement order was proper in that it directed payment of a sum certain, in full satisfaction of the county's claim. See generally, S. Krantz, C. Smith, D. Rossman, P. Froyd, & J. Hoffman, Right to Counsel in Criminal Cases, 340–347 (1976) (reimbursement should be timely requested and for a fixed sum). It is agreed that the county sought an amount correctly and reasonably reflecting the costs of defense services provided. There is no claim that the amount directed to be paid to the county will

4. In *M. v. S.*, an indigent defendant in a paternity action was provided with appointed counsel. It was held that a court could order reimbursement, without express statutory authority to do so, so long as several procedural safeguards were observed. These safeguards included: (1) insuring that only individuals who could repay without "manifest hardship" would be obligated to reimburse, (2) an opportunity for defendant to contest the value of the services would be provided, and (3) the reimbursement debt would be subject to the same protective exemptions available to other civil judgment debtors.

impose hardship or unduly burden the estate. Cf. *United States v. Bracewell,* 569 F.2d 1194 (2d Cir. 1978) ("availability" requirement under federal reimbursement statute, 18 U.S.C.A. § 3006A(f) (1969), necessitates determination of defendant's ability to pay); see also *M. v. S.,* supra, n. 4.

■ The orphans' court correctly adjudicated the county's claim against Damario's solvent estate for funds expended for his personal benefit. Indeed, the orphans' court closely scrutinized all relevant factors here, since Damario is incompetent and his estate may be charged only for "necessaries" provided on his behalf. See *Arnold's Estate,* 253 Pa. 517, 98 A. 701 (1916); *Weightman's Estate,* 126 Pa.Super. 221, 190 A. 552 (1937).

Review of the record reveals no error of law, abuse of discretion or any other basis for disturbing the adjudication of the orphans' court.[5] Accordingly, the decree directing reimbursement to the county is affirmed.

Decree affirmed. Each party to pay own costs.

EAGEN, C. J., and LARSEN, J., concur in the result.

---

5. Appellant's contention that the order of reimbursement violates his constitutional rights must also be dismissed. The argument that a defendant may decline appointed counsel if he knows he may be required to reimburse, thus "chilling" his constitutional right to counsel, has been rejected in *Fuller v. Oregon,* supra, 417 U.S. at 53–55, 94 S.Ct. at 2124–2125. There is also no merit to the claim that appellant was denied due process of law due to lack of guidelines for reimbursement determinations. Here the court of equity closely scrutinized the amount charged for the services and found it to be reasonable, and we find no reason for disturbing the court's result.